| | |
|---|---|
| **Pueblo County, Colorado, District Court**<br>Court address: 501 N. Elizabeth, Pueblo, CO  81003 | DATE FILED: December 19, 2022 12:01 PM<br>FILING ID: 3B090AEE7E9BC<br>CASE NUMBER: 2022CV30631 |
| Plaintiff:<br>**CARL FOGEL**<br><br>v.<br><br>Defendant:<br>**SHELTER MUTUAL INSURANCE COMPANY, a foreign insurance company.** | ▲   **COURT USE ONLY**   ▲ |
| Attorneys for Plaintiff:<br><br>**Smith and Smith Attorneys at Law**<br>Adam Smith, No.: 54607<br>Mickey W. Smith, No.: 6789<br><br>104 Garfield Street<br>Pueblo, CO  81004<br>Phone Number: (719) 544-0062<br>FAX Number: (719) 542-6826<br>E-mail: asmith@smithslegal.com; msmith@smithslegal.com | Case Number:<br><br><br><br>Division:        Courtroom: |
| **COMPLAINT** | |

COMES NOW the plaintiff, **CARL FOGEL** (hereinafter "**FOGEL**"), by and through his attorneys, Adam Smith and Mickey W. Smith of Smith and Smith, Attorneys at Law, and for his Complaint against the defendant, **SHELTER MUTUAL INSURANCE COMPANY, a foreign insurance company** (hereinafter "**SHELTER**"), states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Venue is proper in this Court pursuant to C.R.C.P. 98(c).

2.     The plaintiff, **FOGEL,** is, and at all times relevant hereto was, a resident of the City of Pueblo, County of Pueblo, State of Colorado with a present address of 309 Grace Avenue, Pueblo, Colorado.

3.     The defendant, **SHELTER,** is, and at all times relevant hereto was:

        a.     A foreign insurance corporation having multiple principal offices and places of business including principal offices in Columbia, Missouri;

Exhibit A

    b. An insurance company formed and operating as a foreign corporation licensed and registered to do business in Colorado, which business includes the sale and service of automobile insurance policies, and which policies must be in compliance with Colorado law;

    c. An insurer providing personal liability insurance as set forth in C.R.S. 10-3-1117 (2)(a); and

    d. An insurer required and obligated to comply with the provisions of C.R.S. 10-3-1117 (2)(a).

## GENERAL ALLEGATIONS

4. At all times relevant hereto, **SHELTER** failed to comply with the requirements of C.R.S. § 10-3-1117.

5. On or about March 29, 2021, **FOGEL** was seriously injured in a motor vehicle collision negligently caused by Mr. John R. Catalano ("**CATALANO**").

6. The March 29, 2021, motor vehicle collision occurred in the City of Pueblo, State of Colorado.

7. At the time of the March 29, 2021, collision, **CATALANO** was the named insured under no fewer than four (4) personal automobile policies issued by **SHELTER**.

8. The personal automobile liability policies provided by **SHELTER** to **CATALANO** are identified with the following policy numbers:

    a. 05-1-10313084-10;

    b. 05-1-10313084-5;

    c. 05-1-10313084-9; and

    d. 05-1-10313084-8.

9. On or about February 1, 2022, pursuant to C.R.S. § 10-3-1117, **FOGEL** provided his Automobile Insurance Liability Disclosure Request to the Colorado Division of Insurance, the registered agent for **SHELTER**, for:

    a. Policy number 05-1-10313084-9;

    b. Policy number 05-1-10313084-8;

    c. Policy number 05-1-10313084-5; and

    d.  Policy number 05-1-10313084-10.

  10.  The written requests were provided to **SHELTER**'s registered agent, the Colorado Division of Insurance.

  11.  **SHELTER** received from its registered agent on or before February 7, 2022, the Automobile Insurance Liability Disclosure Requests for:

    a.  Policy number 05-1-10313084-9;

    b.  Policy number 05-1-10313084-8;

    c.  Policy number 05-1-10313084-5; and

    d.  Policy number 05-1-10313084-10.

  12.  **SHELTER** failed or refused to respond to or provide to **FOGEL** any of the required policy information for:

    a.  Policy number 05-1-10313084-9;

    b.  Policy number 05-1-10313084-5; and

    c.  Policy number 05-1-10313084-10.

  13.  **SHELTER** did not provide the name of each insured party, as the name appears on the declarations page of the policy for:

    a.  Policy number 05-1-10313084-9;

    b.  Policy number 05-1-10313084-5; and

    c.  Policy number 05-1-10313084-10.

  14.  **SHELTER** did not provide the limits of the liability coverage for:

    a.  Policy number 05-1-10313084-9;

    b.  Policy number 05-1-10313084-5; and

    c.  Policy number 05-1-10313084-10.

15. **SHELTER** did not provide a copy of the policy for:

    a.    Policy number 05-1-10313084-9;

    b.    Policy number 05-1-10313084-5; and

    c.    Policy number 05-1-10313084-10.

16. **SHELTER** received **FOGEL**'s written requests from the Colorado Division of Insurance on or before February 7, 2022.

17. At all times relevant hereto, **SHELTER** was obligated to comply with the provisions of C.R.S. § 10-3-1117 and disclose the insurance information identified in that statute.

18. Specifically, **SHELTER**, was required to disclose to **FOGEL** within thirty (30) days after receiving **FOGEL**'s written request, a statement setting forth the name of **CATALANO**'s insurer, the name of each insured party, as the name appears on the declarations page of the policy, the limits of the liability coverage, and complete policies of insurance, including any endorsements, and information regarding any excess or umbrella coverage, with regard to each known policy.

19. Pursuant to C.R.S. § 10-3-1117, **SHELTER** had thirty (30) days after receipt of the written requests to send the required information to **FOGEL**.

20. **SHELTER**, under C.R.S. § 10-3-1117, was required to provide **FOGEL** with **CATALANO**'s complete policy information by no later than March 9, 2022.

21. On February 7, 2022, **SHELTER** provided **FOGEL** with a letter from its claims adjuster, Jeffrey Jacke, stating that he had "enclosed information for each known policy of insurance of our named insured [**CATALANO**], including any excess or umbrella policies."

22. With the February 7, 2022, letter, **SHELTER** provided only part of a Colorado Automobile Insurance Policy and part of an Auto Policy Declarations Schedule for **CATALANO** with the policy number of 05-1-10313084-8.

23. The information **SHELTER** provided to **FOGEL** on February 7, 2022, did not contain any information regarding the other three policies of insurance which named **CATALANO** as a named insured.

24. Following **SHELTER**'s disclosure of only one of **CATALANO**'s policies, **FOGEL** again specifically requested disclosure of all relevant policy information under C.R.S.§ 10-3-1117 on March 1, 2022.

25. **SHELTER** provided no other policy information required by C.R.S.§ 10-3-1117.

26. On or about May 6, 2022, **FOGEL** notified **SHELTER** of its obligations under C.R.S. § 10-3-1117 and again requested the required disclosures for the remaining policies of insurance for **CATALANO** from **SHELTER**.

27. As of the date of this Complaint, **SHELTER** has refused to provide any response to **FOGEL** regarding the policies of insurance covering **CATALANO**, including policies 05-1-10313084-10; 05-1-10313084-5; and 05-1-10313084-9.

28. More than two-hundred and eighty-four (284) days have passed since **SHELTER**'s receipt of **FOGEL**'s written request.

29. C.R.S. § 10-3-1117 provides, in relevant part, that "[e]ach insurer that provides or may provide commercial automobile or personal automobile liability insurance coverage to pay all or a portion of a pending or prospective claim shall provide to the claimant or the claimant's attorney via mail, facsimile, or electronic delivery, within thirty calendar days after receiving a written request from the claimant or the claimant's attorney, which request is sent to the insurer's registered agent, a statement setting forth the following information with regard to each known policy of insurance of the named insured, including excess or umbrella insurance, that is or may be relevant to the claim . . ."

30. C.R.S. § 10-3-1117(3) provides that "[a]n insurer that violates this section is liable to the requesting claimant for damages in an amount of one hundred dollars per day, beginning on and including the thirty-first day following the receipt of the claimant's written request. The penalty accrues until the insurer provides the information required by this section. An insurer that fails to make a disclosure required by this section is also responsible for attorney fees and costs incurred by a claimant in enforcing the penalty."

## FIRST CLAIM FOR RELIEF
(Violation of C.R.S. § 10-3-1117 – Policy #: 05-1-10313084-10)

31. **FOGEL** hereby incorporates and by reference makes a part of this claim for relief, all other allegations contained in his Complaint.

32. **SHELTER** is and, at all times relevant hereto, was an insurer who provided personal automobile liability insurance to **CATALANO** with effective dates of coverage which include March 29, 2021, the date of **CATALANO**'s collision with **FOGEL**, all as defined by C.R.S. § 10-3-1117.

33. **FOGEL** is and, at all times relevant hereto, was a "claimant" as defined by C.R.S. § 10-3-1117(5) under **SHELTER**'s policy number 05-1-10313084-10.

Exhibit A

34.   **SHELTER** violated the mandates of C.R.S. § 10-3-1117 by failing to provide **FOGEL** or his counsel information concerning each known policy of insurance for **CATALANO** within thirty (30) days after **FOGEL**'s formal request for such information, and specifically for policy number 05-1-10313084-10.

35.   Pursuant to C.R.S. § 10-3-1117(3), **SHELTER** is liable to **FOGEL** for damages in an amount of one hundred dollars per day beginning with and including the thirty-first day following the receipt of **FOGEL**'s written request for policy number 05-1-10313084-10.

36.   Because **SHELTER** has continued to refuse to provide the statutorily required information and documentation, pursuant to C.R.S. § 10-3-1117, the aforementioned penalty of one hundred dollars per day continues to accrue as of the date of this Complaint for policy number 05-1-10313084-10, until paid.

37.   Pursuant to C.R.S. § 10-3-1117(3), **SHELTER** is additionally liable to **FOGEL** for attorney's fees and costs incurred in enforcing this claim.

**WHEREFORE,** it is prayed that the plaintiff, **FOGEL**, have judgment against the defendant, **SHELTER**, in a sum to be established at trial, including damages to the full extent allowed by law, including without limitation, statutory penalties as provided for under Colorado law in addition to attorney's fees, costs, interest as provided by law, including moratory interest, and for such other and further relief as the court may deem just.

## SECOND CLAIM FOR RELIEF
### (Violation of C.R.S. § 10-3-1117 – Policy #: 05-1-10313084-5)

38.   **FOGEL** hereby incorporates and by reference makes a part of this claim for relief, all other allegations contained in his Complaint.

39.   **SHELTER** is and, at all times relevant hereto, was an insurer who provides automobile liability insurance to **CATALANO** with effective dates of coverage which include March 29, 2021, the date of **CATALANO**'s collision with **FOGEL**.

40.   **FOGEL** is and, at all times relevant hereto, was a "claimant" as defined by C.R.S. § 10-3-1117(5) under **SHELTER**'s policy number 05-1-10313084-5.

41.   **SHELTER** violated the mandates of C.R.S. § 10-3-1117 by failing to provide **FOGEL** or his counsel information concerning each known policy of insurance for **CATALANO** within thirty (30) days after **FOGEL**'s formal request for such information, and specifically for policy number 05-1-10313084-5.

42.   Pursuant to C.R.S. § 10-3-1117(3), **SHELTER** is liable to **FOGEL** for damages in an amount of one hundred dollars per day beginning with and including the thirty-first day following the receipt of **FOGEL**'s written request for policy number 05-1-10313084-5.

6

43. Because **SHELTER** has continued to refuse to provide the statutorily required information and documentation, pursuant to C.R.S. § 10-3-1117, the aforementioned penalty of one hundred dollars per day continues to accrue as of the date of this Complaint for policy number 05-1-10313084-5, until paid.

44. Pursuant to C.R.S. § 10-3-1117(3), **SHELTER** is additionally liable to **FOGEL** for attorney's fees and costs incurred in enforcing this penalty.

**WHEREFORE,** it is prayed that the plaintiff, **FOGEL**, have judgment against the defendant, **SHELTER**, in a sum to be established at trial, including damages to the full extent allowed by law, including without limitation, statutory penalties as provided for under Colorado law in addition to attorney's fees, costs, interest as provided by law, including moratory interest, and for such other and further relief as the court may deem just.

### THIRD CLAIM FOR RELIEF
**(Violation of C.R.S. § 10-3-1117 – Policy #: 05-1-10313084-9)**

45. **FOGEL** hereby incorporates and by reference makes a part of this claim for relief, all other allegations contained in his Complaint.

46. **SHELTER** is and, at all times relevant hereto, was an insurer who provides automobile liability insurance to **CATALANO** with effective dates of coverage which include March 29, 2021, the date of **CATALANO**'s collision with **FOGEL**.

47. **FOGEL** is and, at all times relevant hereto, was a "claimant" as defined by C.R.S. § 10-3-1117(5) under **SHELTER**'s policy number 05-1-10313084-9.

48. **SHELTER** violated the mandates of C.R.S. § 10-3-1117 by failing to provide **FOGEL** or his counsel information concerning each known policy of insurance for **CATALANO** within thirty (30) days after **FOGEL**'s formal request for such information, and specifically for policy number 05-1-10313084-9.

49. Pursuant to C.R.S. § 10-3-1117(3), **SHELTER** is liable to **FOGEL** for damages in an amount of one hundred dollars per day beginning with and including the thirty-first day following the receipt of **FOGEL**'s written request for policy number 05-1-10313084-9.

50. Because **SHELTER** has continued to refuse to provide the statutorily required information and documentation, pursuant to C.R.S. § 10-3-1117, the aforementioned penalty of one hundred dollars per day continues to accrue as of the date of this Complaint for policy number 05-1-10313084-9, until paid.

51. Pursuant to C.R.S. § 10-3-1117(3), **SHELTER** is additionally liable to **FOGEL** for attorney's fees and costs incurred in enforcing this penalty.

Exhibit A

**WHEREFORE,** it is prayed that the plaintiff, **FOGEL**, have judgment against the defendant, **SHELTER**, in a sum to be established at trial, including damages to the full extent allowed by law, including without limitation, statutory penalties as provided for under Colorado law in addition to attorney's fees, costs, interest as provided by law, including moratory interest, and for such other and further relief as the court may deem just.

Respectfully submitted this 19th day of December 2022.

        **Smith and Smith, Attorneys at Law**
        **Adam Smith, LLC**

By:   */S/ Adam Smith*
       Adam Smith, Reg. No. 54607
       Attorney for Plaintiff, Carl Fogel

By:   */s/ Mickey W. Smith*
       Mickey W. Smith, Reg. No. 6789
       Attorney for Plaintiff, Carl Fogel

Plaintiff's address:

309 Grace Avenue
Pueblo, Colorado 81004

*Pursuant to C.R.C.P. 121, Section 1-26(7), a copy of this document with original or scanned signatures is maintained at the offices of Smith and Smith Attorneys at Law and will be made available for inspection by other parties or the Court upon request.*